UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.A.H., | No. 1:25-cv-01758-DJC-EFB |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

On December 16, 2025, this Court ordered Respondents to show cause, in writing, as to why it should not issue a preliminary injunction on the same terms as the Temporary Restraining Order. (TRO (ECF No. 9).) Respondents filed a response (Response (ECF No. 10)) and Petitioner submitted a Reply (Reply (ECF No. 11)).

Respondents continue to oppose the issuance of a preliminary injunction pursuant to 8 U.S.C. § 1225, arguing that Petitioner is a national and asylum applicant from Afghanistan who is "present" in the United States, has not been admitted, and is an "applicant for admission." (Response at 2.) Respondents submit on their pleadings and ask the Court to deny the preliminary injunction. *Id.* Petitioner contends that he remains likely to succeed on the merits of his due process claims. (Reply at 3.) Petitioner further argues that Respondents have not returned all of Petitioner's

property confiscated from him during his arrest and processing into detention, as directed by this Court's Order. (*Id.* at 4.) Specifically, Petitioner has not received his work authorization document, social security card, or his identification card from Afghanistan. (*Id.* at 4–5.) Petitioner argues that he is likely to face challenges with being able to work and prove that he has authorization to work. (*Id.*)

In light of Respondents' limited opposition and for the reasons discussed by the Court's Order granting a temporary restraining order, (*see* TRO), IT IS HEREBY ORDERED that:

1. A Preliminary Injunction shall issue on the same terms set forth in the Temporary Restraining Order (ECF No. 9).
2. Having released Petitioner as required by the Temporary Restraining Order, Respondents shall not impose any additional restrictions on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing.
3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice – describing the change of circumstances necessitating his arrest – and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall have his counsel present.
4. Respondents must return to Petitioner all property confiscated from him during his arrest and processing into detention, including but not limited to any personal identification, employment authorization document, medical insurance card, money, and documents he received upon entry and release into the United States.

5. This Order shall remain in effect until the resolution of this action or until otherwise ordered by the Court. The case is referred to the Magistrate Judge for all further proceedings.

IT IS SO ORDERED.

Dated:  **December 29, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – AAH25cv01758.pi_v1