UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

A.A.H.,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.  1:25-cv-01758-DJC-EFB  (HC)

FINDINGS AND RECOMMENDATIONS

Petitioner, a noncitizen alien, has filed a petition for writ of habeas corpus challenging his detention under 28 U.S.C. § 2241.  ECF No. 1.  On December 16, 2025, the court granted petitioner's motion for temporary restraining order, ordering that petitioner be released immediately from respondents' custody; enjoining respondents from imposing any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; enjoining respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice — describing the change of circumstances necessitating his arrest — and detention, and a timely hearing at which the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and petitioner shall have his counsel present; and ordering respondents to return to petitioner all property confiscated from him during his arrest and processing into detention, including but not limited to any personal identification, employment authorization document, medical insurance

1

card, money, and documents he received upon entry and release into the United States.  ECF No. 9.  On December 30, 2025, the court issued a preliminary injunction on the same terms.  ECF No. 12.

Subsequently, respondents filed a response to the petition, in which they request the court rule on the petition based on the arguments they raised in their prior filings.  ECF No. 14.  Petitioner has filed a timely reply.  *See* ECF No. 15.  For the reasons set forth below, the undersigned finds petitioner has demonstrated his entitlement to relief and recommends the petition be granted.

## BACKGROUND

For judicial economy, the court adopts the factual background as set forth in the District Court's order granting petitioner's motion for temporary restraining order:

Petitioner A.A.H. is a national from Afghanistan who entered the United States without inspection on or around November 21, 2022. (Habeas Petition ("Pet.") (ECF No. 1) ¶ 12.; Rojas Acevedo Decl. (ECF No. 4-1) ¶ 3.) Federal agents detained Petitioner after he entered the United States. (*See* Rojas Acevedo Decl. ¶ 3.) Petitioner was released on humanitarian parole pursuant to Immigration Nationality Act § 212(d)(5) (Mot. TRO (ECF No. 4) at 9 citing Pet. ¶ 32) and released on his own recognizance with a notice to appear for removal proceedings in immigration court in San Francisco on August 7, 2024. (Mot. TRO at 9; Pet. ¶ 33.) When the Concord Immigration Court opened, DHS transferred Petitioner's immigration case to that court, and issued Petitioner a new hearing date for August 25, 2025, which he contends was postponed such that he has not yet had to attend an immigration court proceeding. (Pet. ¶ 34.)

An asylum officer found that Petitioner established credible fear based on his prior employment with an American company in Afghanistan. (*Id.* ¶ 33.) Around October 2023, Petitioner applied for and ultimately received Temporary Protected Status through May 2025. (Rojas Acevedo Decl. ¶ 3.) In December 2024, Petitioner filed an asylum application and has an individual hearing scheduled for December 7, 2028. (Pet. ¶ 35; Rojas Acevedo Decl. ¶ 3.) He also received employment authorization from June 2025 through June 2030. (Pet. ¶ 37.)

Petitioner was arrested and detained at a check in on December 4, 2025. (*Id.* ¶ 40.) Following Petitioner's detention, an ICE agent told Petitioner's counsel that the basis for his detention was "NTR" or "Notice to Report." (*Id.* ¶¶ 40, 41.) A few hours later, Petitioner's counsel was told that Petitioner was detained for violating his order of supervision and failing to report for his biometrics. (*Id.*) Petitioner represents that since his release, he has complied with all supervision terms, including attending all required check-ins, and has no criminal record. (Pet. ¶¶ 33, 36, 41; Rojas Acevedo Decl. ¶ 3.)

Petitioner's counsel alleges, on information and belief, that Petitioner is currently detained at the California City Detention Center. (Pet. ¶ 42.) Petitioner filed a Petition for Writ of Habeas Corpus along with a Motion for Temporary

2

Restraining Order. The Motion for Temporary Restraining Order is fully briefed. (*See* Opp'n (ECF No. 6); Reply (ECF No. 7).) The matter was submitted without oral argument pursuant to Local Rule 230(g).

ECF No. 9 at 1-2.

Petitioner initiated this action on December 5, 2025, ECF No. 1, and, on December 10, 2025, moved for a temporary restraining order. ECF No. 4. Respondents filed an opposition to the latter on December 12, 2025, ECF No. 6, and petitioner filed a reply on December 13, 2025. ECF No. 7. On December 16, 2025, the District Court granted in part and denied in part the motion for a temporary restraining order, under the terms set forth *ante*. ECF No. 9. The Court also directed respondents to show cause why a preliminary injunction should not issue under the same terms. *Id.* Respondents filed a responsive brief on December 22, 2025, ECF No. 10, and petitioner filed a response on December 25, 2025. ECF No. 11. On December 30, 2025, the District Judge issued a preliminary injunction containing the same terms as the temporary restraining order and referred the matter to the undersigned. ECF No. 12. On January 20, 2026, respondents filed a response to the petition, in which they rely on the arguments raised in their previously-filed briefs. ECF No. 14; *see* ECF Nos. 6, 10. Petitioner filed a traverse on January 28, 2026, also relying on the arguments he raised in his previous filings. ECF No. 15; *see* ECF Nos. 7, 11.

## LEGAL STANDARD

A federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

## DISCUSSION

In his petition, petitioner asserts two claims for relief, alleging that his detention violates his rights to substantive due process (claim one) and procedural due process (claim two) under the Fifth Amendment. ECF No. 1 at 10-12. Based on the record before the court, the undersigned finds that petitioner has shown his entitlement to relief on his second claim and recommends the

3

writ be granted.

Petitioner has shown by a preponderance of evidence that his detention without a bond hearing violates his right to procedural due process under the Fifth Amendment.  *See* ECF No. 1 at 11-12.  To determine whether detention violates a petitioner's Fifth Amendment procedural due process rights, courts weigh: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  For the reasons set forth in the District Court's December 16, 2025 Order, petitioner has shown that he has a substantial protected liberty interest in his freedom from detention.  *See* ECF No. 9; *see also Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, at 6 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*, No. 1:25-CV-01597-DJC-JDP, 2025 WL 3263897, at *3 (E.D. Cal. Nov. 23, 2025).  Since petitioner's release after his initial entry to the United States, petitioner developed "enduring attachments of normal life" legally indistinguishable from those experienced by a criminal parolee.  *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).

Petitioner also has demonstrated that the second *Mathews* factor weighs in his favor.  Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable.  Petitioner's detention is only justified when the noncitizen poses a flight risk or a danger to the community.  *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690.  Without an individualized bond determination by a neutral factfinder to determine whether his continued detention is legally justified, the risk of erroneous deprivation of petitioner's protected liberty interests is great.  *See Demore*, 538 U.S. 510; *Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).  Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral

4

factfinder—is high. *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner has also shown that the third *Mathews* factor weighs in his favor. "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez*, 872 F.3d at 994. The effort and cost required to provide petitioner with procedural safeguards are minimal. *See Labrador-Prato v. Noem,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *5 (E.D. Cal. Dec. 2, 2025) ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government.").

Accordingly, the undersigned finds respondents' interest in detaining petitioner without an individualized bond determination, at a hearing before a neutral factfinder, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same. Petitioner has thereby shown by a preponderance of evidence that his detention violates his procedural due process rights under the Fifth Amendment, entitling him to relief on the second claim of his petition.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2) Respondents be ENJOINED AND RESTRAINED from imposing any additional restriction on petitioner, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice — describing the change of circumstances necessitating his arrest — and detention, and a timely hearing at which the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and petitioner shall have his counsel present.

3) Respondents be ORDERED to return to petitioner all property confiscated from him during his arrest and processing into detention, including but not limited to any personal identification, employment authorization document, medical insurance card, money, and documents he received upon entry and release into the United States.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 2, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE